**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH
BANKRUPTCY JUDGE

(973) 645-4693
Fax: (973) 645-2606

**NOT FOR PUBLICATION**

FILED
JAMES J. WALDRON, CLERK
**SEPT. 14, 2010**
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Ronnie Plasner, DEPUTY

September 14, 2010

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Teitelbaum & Baskin, LLP
Jay Teitelbaum, Esq.
3 Barker Avenue, Third Floor
White Plains, NY 10601
*Counsel for Plaintiff,*
*JPMorgan Chase Bank, N.A.*

Meyner and Landis LLP
David B. Grantz, Esq.
One Gateway Center, Suite 2500
Newark, New Jersey 07102
*Counsel for Plaintiff,*
*The Provident Bank*

Marshall & Quentzel L.L.C.
Robert M. Marshall
155 Willowbrook Boulevard
Wayne, New Jersey 07470
*Counsel for Plaintiff,*
*All Points Capital Corp.*

Lowenstein Sandler PC
Scott Cargill, Esq.
65 Livingston Avenue
Roseland, NJ 07068
*Counsel for Plaintiff,*
*Harold M. Pitman Company*
*d/b/a Pitman Company*

Bray, Miller & Bray, L.L.C.
Peter R. Bray, Esq.
100 Misty Lane
Parsippany, New Jersey 07054-2710
*Counsel for Debtor/Defendant*

Page 2
September 14, 2010


Re:     **JPMorgan Chase Bank, N.A. v. Pandolfelli**
        **Adv. Pro. No. 09-02068 (DHS)**
        **The Provident Bank v. Pandolfelli**
        **Adv. Pro. No. 09-02070 (DHS)**
        **All Points Capital Corp. v. Pandolfelli**
        **Adv. Pro. No. 09-02072 (DHS)**
        **Pitman Company v. Pandolfelli**
        <u>**Adv. Pro. No. 09-02075 (DHS)**</u>


Dear Counsel:

      Before the Court are four (4) motions by Basil Pandolfelli ("Defendant") to vacate his default in four separate adversary proceedings and for leave to file his answers out of time. Because the relevant facts are common to each motion and the issues of law identical, the Court shall address them collectively. For the reasons stated herein, each of the Defendant's motions to vacate his default or for leave to file his answer out of time is denied.

      The Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (I). Venue is proper under 28 U.S.C. §§ 1408 and 1409.


## FACTS AND PROCEDURAL HISTORY

### I.   Bankruptcy Filing and Initiation of Adversary Proceedings

      The Defendant filed for chapter 7 bankruptcy on April 9, 2009. Shortly thereafter, five of the Defendant's creditors commenced adversary proceedings on July 20th and 21st of 2009, seeking a determination that his respective debts to them are nondischargeable under § 523 and, in one case, revocation of discharge under § 727. JP Morgan Chase Bank, N.A. ("Chase") commenced adversary proceeding number 09-02068-DHS on July 20, 2009; The Provident Bank ("Provident") commenced adversary proceeding number 09-02070-DHS on July 21, 2009; All Points Capital Corp ("All Points") commenced adversary proceeding number 09-02072-DHS on July 21, 2009; and Harold M. Pitman Company d/b/a Pitman Company ("Pitman") commenced adversary proceeding number 09-02075-DHS on July 21, 2009.

Page 3
September 14, 2010

## II. Service on Defendant

Chase served the Defendant on July 23, 2009 by first class mail at the address listed on his petition and on the Defendant's bankruptcy attorney, Daniel J. Yablonsky[1] ("Yablonsky"); Provident served on July 30, 2009 via first class mail to Yablonsky; All Points served on July 29, 2009 via first class mail at the Defendant's home address listed on his petition; and Pitman on July 23, 2009, via certified mail to his home address and to Yablonsky. The Defendant claims in his supporting affidavit that he may not have been properly served with the summons and complaint; however, he nonetheless acknowledges that he was aware of the litigations and received copies of the complaints. (Def's. Aff. in Supp. of Mot. to Vacate Default ("Def's Aff.") ¶ 2). It is initially noted that each method of service was proper and in a manner authorized by the Federal Rules of Bankruptcy Procedure. Furthermore, beyond the suggestion that service may not have been proper, the Defendant did not assert lack of service as a defense either in his motion or his proposed answers.

## III. Extension of Time to Answer and Default Requests

The summons in each adversary proceeding was issued on either July 21 or 22 of 2009. Therefore, pursuant to Federal Rule of Bankruptcy Procedure 7012(a), the Defendant's time to respond to the complaints expired on August 21 or 22 of 2009 respectively. Fed. R. Bankr. P. 7012(a). The Defendant did not respond to any of the complaints within that time. Instead, after the time to respond had expired, the Defendant, through his chapter 7 counsel attempted to secure an extension. Chase did not grant an extension; Provident granted an extension to September 8, 2009; All Points to September 9, 2009; and Pitman to September 1, 2009. Each extended deadline came and passed but the Defendant still did not respond to any of the Complaints.

In response, Chase filed a request to enter default against the Defendant pursuant to Federal Rule of Bankruptcy Procedure 7055 and District of New Jersey Local Bankruptcy Rule 7055(a) on September 3, 2009; Provident on September 18, 2009; All Points on September 21, 2009; and Pitman on October 15, 2009. The Court granted the default requests of Chase and All Points on December 12, 2009; the other requests are pending. On January 4, 2010, Chase filed a request for entry of default judgment against the Defendant, which is also pending.

On December 14, 2009, the Defendant filed a motion to vacate his defaults and for leave to file an answer out of time in each adversary proceeding. Attached to each motion was a copy of the Defendant's proposed answer to the respective complaint. Because the Defendant's default has only been entered in two of the adversary proceedings, the Court will analyze those as a request to vacate default. The Defendant's other motions will be treated as a motion to extend time to file an answer, despite the motions' caption as a motion to vacate default.

---

[1] Although Yablonsky represents the Defendant in his chapter 7 bankruptcy, he was not retained by the Defendant to represent him in the instant adversary proceedings.

Page 4
September 14, 2010

# DISCUSSION

I. **Time to Answer**

The time to file an answer in a bankruptcy adversary proceeding is governed by Federal Rule of Bankruptcy Procedure 7012, which provides that "[i]f a complaint is duly served, the Defendant shall serve an answer within 30 days after the issuance of the summons, except when a different time is prescribed by the court." Fed. R. Bankr. P. 7012. Bankruptcy courts have discretion to enlarge this time for cause shown. Fed. R. Bankr. P. 9006(b)(1). However, if an enlargement of time is not requested until after the expiration of the initial period, it must be on motion and the movant must demonstrate excusable neglect. *Id.*

In the instant case, it is undisputed that the Defendant's request was made long after the expiration of his initial time to answer, even in those cases where the plaintiffs consented to extensions. Thus, to prevail on his motion, the Defendant must demonstrate "excusable neglect."

   A. **Excusable Neglect**

In *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, the Supreme Court construed the phrase "excusable neglect" as used in Rule 9006 and concluded "Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993). The Court added that "what sorts of neglect will be considered 'excusable,' . . . is at bottom an equitable [determination], taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. The relevant circumstances include "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 395.

      1. **Length of Delay and Danger of Prejudice to the Plaintiffs**

In *Manus Corp. v. NRG Energy, Inc.*, the Third Circuit noted that although *Pioneer* listed prejudice as a factor to consider, "it gives us little guidance as to what prejudice actually is in this context. *Manus Corp. v. NRG Energy, Inc. (In re O'Brien Environmental Energy, Inc.),* 188 F.3d 116, 126 (3d Cir. 1999). The *Manus* Court examined cases from several other circuits and determined that mere delay or unanticipated costs were insufficient to establish prejudice in the context of Rule 9006. *Id.* at 126-27. The Court also drew from its case law regarding prejudice in a non-bankruptcy, Rule 60(b), context noting that "one must assert 'loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon judgment.'" *Id.* at 127.

In the instant case, the Court finds that the substantial delay in answering the Plaintiffs' allegations has substantially increased the potential for loss of available evidence, or fraud. These cases are not simply legal disputes regarding the existence or extent of a debt. Rather,

Page 5
September 14, 2010

each Plaintiff has alleged with specificity acts of actual fraud, including the falsification of books and records and the diversion of millions of dollars away from creditors and into the Defendant's pocket. *See* (Chase's Mem. of Law in Opp'n to Def.'s Mot. to Vacate Default ("Chase Mem.") 4). As counsel for Chase noted, "Defendant may have used the past four months to further cover his tracks and divest himself of material assets." (*Id.*). Consequently, the Court finds that, given the nature of the allegations in the respective complaints, Defendant's lengthy delay in responding may have prejudiced the Plaintiffs by allowing time to destroy evidence or conceal assets.

### 2.    Reason For Delay and Control of Defendant

The second factor listed in *Pioneer* is the reason for the delay and whether it was within the control of the defendant. *Pioneer,* 507 U.S. at 385. In *Pioneer*, the delay in answering was due to the inadvertence of the defendant's counsel who failed to respond within the allowable time due to the "'peculiar and inconspicuous placement of the bar date in a notice regarding a creditors['] meeting,' without any indication of the significance of the bar date, [which] left a 'dramatic ambiguity' in the notification." *Id.* at 398 (citation omitted) (first bracket alteration in original). Similarly, the Third Circuit, in *Manus*, found that an ambiguous notification provided grounds for excusable neglect.

In the instant case, the Defendant does not dispute that he had notice of the time limit to file an answer. Instead, the Defendant argues that his delay in answering was beyond his control and therefore excusable because his pending divorce limited his access to funds and made it difficult to retain an attorney. (Def's Aff. ¶ 5). In essence, Defendant's excuse is that he was unable to answer the complaints because he could not afford an attorney of his choosing until recently. The Court finds this argument unavailing. First, there is no fundamental right to representation by an attorney in the civil context as there exists in the criminal context. Pandolfelli was apprised of his obligation to respond to the complaints in the respective summonses and was fully capable of filing answers or seeking an extension from the Court before the initial time had expired. If the inability to afford an attorney of one's choosing were a justifiable excuse for failing to answer civil charges, then there would be no finality to judgments obtained against all but the wealthiest of defendants. Although the Court can appreciate the Defendant's desire to protect his rights through the representation by counsel, this does not relieve him from the obligation to defend the litigations against him within the confines of the applicable rules. Because the Defendant's only proffered reason for the delay in answering the complaints is that he preferred not to defend these suits until he could afford counsel of his choice, the Court finds that the delay was entirely within his control. As such, the Court finds that this element of the *Pioneer* analysis weighs in favor of *willful* neglect rather than *excusable* neglect.

### 3.    Whether Defendant Acted in Good Faith

The final element of the *Pioneer* analysis is whether the Defendant acted in good faith. Here, the Court finds the following factors relevant: (i) the Defendant had notice of the

Page 6
September 14, 2010

complaints well in advance of the deadline to answer; (ii) even after obtaining an extension to file an answer from some Plaintiffs, the Defendant still did not answer within the agreed period; (iii) the Defendant personally appeared before this Court in September and requested an extension, which the Court denied *See* (Chase Mem. 3).; even after this Court denied further extensions the Defendant still waited approximately four months before filing the instant motions. Based on the Defendant's willful refusal to answer the allegations against him with no real excuse, the Court considers the delay to have been in bad faith.

### 4. No Excusable Neglect

The Court finds that the other elements of the *Pioneer* analysis sufficiently weigh against the Defendant to hold under these circumstances that his failure to timely file answers was not due to excusable neglect. Consequently, the Court denies Defendant's motions to file his answers out of time.

### B. Vacatur of Defaults

In addition to seeking leave to file his answers out of time, the Defendant seeks to vacate the entries of default that were obtained by Chase and All Points.[2] Applications to set aside the entry of a default are governed by Federal Rule of Bankruptcy Procedure 7055, which incorporates the text of Federal Rule of Civil Procedure 55. Specifically, Federal Rule of Bankruptcy Procedure 7055(c) provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." *See* Fed. R. Bankr. P. 7055(c) (West 2010). As a general matter, courts disfavor defaults. *Mettle v. First Union Nat'l Bank*, 279 F. Supp. 2d 598, 601 (D.N.J. 2003) (citing *Harad v. Aetna Cas. & Sur. Co.*, 839 F.2d 979, 982 (3d Cir. 1988)). If doubt exists, the default should be set aside so that the case can be decided on the merits. *Id.* (citing *Medunic v. Lederer*, 533 F.2d 891, 894 (3d Cir. 1976). Nonetheless, the decision to set aside an entry of default pursuant to Rule 7055(c) is left to the sound discretion of the court. *Bailey v. United Airlines*, 279 F.3d 194, 203 (3d Cir. 2002) (citation omitted). In ruling on a motion to set aside a default under Rule 7055(c), a court *must* consider the following three factors: 1) whether the plaintiff will be prejudiced; 2) whether the defendant has a meritorious defense; and 3) whether the default was the result of the defendant's culpable conduct. *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) (citations omitted); s*ee also Mettle*, 279 F. Supp. 2d at 601. In deciding whether to vacate the entry of default, a court can also consider "the particular equities of the case." *Phillips v. Flynn*, 61 F.R.D. 574, 577 (E.D. Pa. 1974).

### 1. Meritorious Defenses

In the Third Circuit, the showing of a meritorious defense is a prerequisite to considering vacatur of an entry of default or a default judgment. *Resol. Trust Corp. v. Forrest Grove, Inc.*,

---

[2] Adv. Pro. Nos. 09-02068 and 09-02072 respectively.

Page 7
September 14, 2010

33 F.3d 284, 288 (3d Cir. 1994). Without a meritorious defense, the inquiry stops and vacatur may be denied without consideration of the other factors. *Id.* To establish a meritorious defense, the defendant must do more than merely allege that he has one. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 196 (3d Cir. 1984)  A defendant must "allege facts which, 'if established on trial, would constitute a complete defense to the action.'" *Id.* at 195 (citation omitted). The defenses must be more than "conclusory statements" or "mere denials." A defendant has demonstrated a meritorious defense when the "allegations of [the] defendant's answer, if established at trial, would constitute a complete defense to the action." *Id.* The defaulting defendant need not satisfy "summary judgment standards" in proving his case. *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 869-870 (3d Cir. Pa. 1984. "It is sufficient that [his] proffered defense is not 'facially unmeritorious.'" *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) (citing *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120 (3d Cir. 1983)).

In the instant case, a review of the Defendant's proposed answers reveals nothing more than conclusory statements and denials. For instance, in its complaint, Chase's first claim for relief seeks "entry of an order declaring its claims to be excepted from the Debtor's discharge pursuant to section 523(a)(2) of the Bankruptcy Code." (Chase Compl. 10, ¶10). In response the Defendant's proposed answer merely states that he "denies the allegations of Paragraphs 52 to 53, which Paragraphs essentially set forth invalid legal conclusions. (Def.'s Proposed Ans. to Chase Compl. 4.) The Court's review of the remainder of the Defendant's proposed answers reveals similar general denials and nebulous qualifications. For instance, he alleges as his "Second Separate Defense" that he "is in the process of engaging, and will after this Answer is filed engage, a forensic accountant to review the books and records of RCA and provide a true and accurate account of the transactions extant there." *Id.* Thus, the Defendant fails to allege facts or defenses that "if established at trial, would constitute a complete defense to the action." *$55,518.05 in U.S. Currency*, 728 F.2d at 195. Consequently, the Court finds that the Defendant has failed to meet his threshold burden of establishing a meritorious defense to the causes of action alleged in the complaints. Consequently, the Defendant's motions to vacate the defaults obtained by Chase and All Points are denied. Although this element is dispositive, the Court will address the other elements for the sake of completeness.

### 2. The Plaintiffs Would be Prejudiced

Here, the Court will rely primarily on its discussion *supra* of the potential for prejudice to the Plaintiffs in the section regarding extension of the time to answer. As in the context of Rule 9006, the Court finds that the nature of the claims against the Defendant support an inference that the Plaintiffs are likely to be prejudiced by the delay, both in proving their cases and in collecting on any prospective judgments. Each Plaintiff has alleged various acts of fraud and defalcation by the Defendant. In light of these serious allegations, the Court finds a strong potential that the Defendant could have used the interceding months to conceal or destroy evidence or to conceal or squander assets. Thus, the Court finds that the four-month delay in answering the allegations, which was caused entirely by the Defendant's willful refusal to participate in this litigation, presents a high probability of prejudice to the Plaintiffs.

Page 8
September 14, 2010

### 3. Defendant's Culpable Conduct

The same facts that bore on the Court's consideration of the reason for delay and whether it was within the Defendant's control in considering his motion to extend time to answer are relevant to his motions to vacate the defaults. The Defendant was aware of the suits against him well in advance of the deadline to file answers. The Defendant blames his delay on funding constraints imposed by his pending divorce, which he claims made it difficult for him to retain counsel. However, as noted above, the Defendant's inability to retain counsel of his choice does not relieve him of his obligation to respond to the complaints. The Defendant was well aware of this obligation and nonetheless chose not to timely respond to the complaints. Under these circumstances, the Court finds that the Defendant's defaults were due entirely to his willful choice not to respond to the Complaints until the present motions were filed. Thus the Court is satisfied that the Defendant's culpable conduct led to the defaults and militates against their vacatur.

### 4. Denial of Vacatur of Default

For the reasons stated above the Court denies the Defendant's motions to vacate his defaults obtained by Chase and All Points. As a threshold issue, Defendant's failure to allege specific facts that constitute a complete defense to the claims against him is fatal to these motions. However, even if the Defendant did offer valid defenses, his culpable conduct in causing the delay, combined with the danger of prejudice to the Plaintiffs, both militate against vacatur of the defaults.

### **CONCLUSION**

For the reasons stated herein, the Defendant's motions to vacate his defaults and for leave to file his answers out of time are denied. An Order in conformance with this Opinion has been entered by the Court and a copy is attached.

Very truly yours,

*s/    Donald H. Steckroth*

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure